**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amanda Lee Lawson, | No. CV-24-03149-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

An administrative law judge ("ALJ") denied plaintiff Amanda Lee Lawson's application for Social Security Disability Insurance benefits. The parties agree that decision was erroneous but disagree on the scope of the remand. A magistrate judge recommended the case be remanded for an award of benefits. (Doc. 30 ("R&R").) Having reviewed de novo, the R&R is adopted in part and the case is remanded for further proceedings.

The parties agree the ALJ committed legal error by discounting the opinion of Lawson's treating neurologist, Dr. David Saperstein, without evaluating whether it was consistent with other sources. (Docs. 31 at 4; 32 at 2.) The parties also apparently agree the ALJ committed legal error in discounting Lawson's symptom testimony without providing specific, clear, and convincing reasons supported by substantial evidence. (Docs. 31 at 2; 32 at 2.) The R&R correctly finds the ALJ committed harmful legal error on both grounds and recommends reversal of the non-disability determination. (Doc. 30 at 6–7.) That conclusion is correct and is adopted. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (the ALJ must explain how he "considered the supportability and consistency

factors" in articulating the persuasiveness of a medical opinion) (quoting 20 C.F.R. § 404.1520c(b)(2)); *Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017) (the ALJ can reject a claimant's testimony about the severity of her symptoms "only by offering specific, clear and convincing reasons for doing so.") (simplified).

The parties' positions diverge when they reach the R&R's recommendation that the case be remanded for the calculation and award of benefits. (R&R at 8–12.) The R&R correctly described the three-part credit-as-true standard the Ninth Circuit applies when determining the scope of the remand. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Under that test, a court must first "ask whether the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion." *Id.* (simplified). Second, a court "determine[s] whether the record has been developed thoroughly and is free of conflicts, ambiguities, or gaps" such that remand for further proceedings would not be useful. *Id.* at 1046–47. And third, a court "credit[s] the discredited testimony as true for the purpose of determining whether, on the record taken as a whole, there is no doubt as to disability." *Id.* at 1045. When this three-part analysis is satisfied, a remand for calculation of benefits is permissible. But even if permissible, "it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Id.*

The first part of the credit-as-true test has been satisfied because the ALJ committed harmful legal error as described above. And if the court could skip to the third step, the record as a whole after crediting Dr. Saperstein's opinion leaves only minimal doubt that Lawson is disabled. It is at the second step that a remand for benefits founders, because the administrative record is not "free of conflicts" such that further administrative proceedings would serve no purpose. *Id.* at 1046–47.

The commissioner argues the ALJ must resolve factual conflicts between Dr. Saperstein's opinion and those of the state agency medical consultants, Drs. Coffee and Hutchinson. (Doc. 31 at 4–6.) That argument is undermined by Dr. Hutchinson's failure to accurately describe the medical records on which Dr. Saperstein's opinion was based—a

failure the ALJ carried through to his order. *See Hendrix v. Comm'r*, No. CV-23-01113-PHX-DLR, 2025 WL 829786, at *2–3 (D. Ariz. Mar. 17, 2025) (remanding for calculation of benefits where ALJ incorrectly described medical records). Specifically, Dr. Hutchinson discounted Dr. Saperstein's opinion because it was based on telemedicine visits and not exam findings. (AR 90.) From that, the ALJ extrapolated that Dr. Saperstein's opinion was unpersuasive because he "rendered [it] based on telehealth visits only" (AR 25) and did so "after the date last insured although he states that the limitations go back to 2019" (AR 26). In actuality, the medical records show Dr. Saperstein conducted multiple in-person visits with Lawson, including during the disability period in 2019 (*e.g.* AR 921, 924, 931), and only switched to telemedicine when the Covid pandemic began (AR 939). That the ALJ's assessment of Dr. Saperstein's opinion was based on facts plainly contradicted by the record would support a remand for benefits. *See, e.g.*, *Reddick v. Chater*, 157 F.3d 715, 723 (9th Cir. 1998) (remanding for award of benefits where ALJ inaccurately paraphrased medical records).

Nonetheless, a court should not remand for benefits unless, under step two of the credit-as-true analysis, the record is "free of conflicts." *Leon*, 880 F.3d at 1046–47. The administrative record here does contain conflicts material to the disability determination, specifically between Dr. Saperstein's assessment of Lawson's work-related limitations (AR 4125) and the medical consultants' assessments, which were based on medical records in addition to Dr. Saperstein's (AR 73–74, 90–91). It may be that the consultants' assessments are less persuasive than Dr. Saperstein's because, unlike Dr. Saperstein, they never examined Lawson in person. But on this record, resolving the conflict is a task for the ALJ.

/

/

/

/

/

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 30) is **ADOPTED IN PART AND REJECTED IN PART**.

**IT IS FURTHER ORDERED** vacating the April 9, 2024, decision of the ALJ and remanding for further administrative proceedings.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter final judgment consistent with this order and close this case.

Dated this 6th day of March, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**

- 4 -